13075.   HEALD *v.* FIDELITY & DEPOSIT COMPANY.

As to agency to bind the construction company for the value of trees cut or sand taken from the plaintiff's land for use in building the bridge, the allegations of the petition were subject to the objections made in grounds 9 and 10 of the demurrer; and the court did not err in dismissing the petition.

DECIDED MARCH 7, 1922.

Action on bond; from city court of Thomasville — Judge W. H. Hammond. September 23, 1921.

As surety on the bond of a company contracting with Thomas County to build a bridge, the Fidelity & Deposit Company of Maryland was sued for the value of materials alleged to have been taken from the plaintiff's land by the contractor and used in the construction of the bridge. The grounds of demurrer mentioned in the decision relate to the authority of the agent who was alleged to have acted for the contractor in the taking of materials.

The petition alleges, that in pursuance of the contract and in accordance with " section 389 [389 (c)] of the Supplement to Park's Annotated Code of Georgia" (Ga. L. 1910, p. 86), the Cornell-Young Company (the contractor) executed a bond, with the defendant as surety, obligating itself for the payment of all just claims for materials furnished for the purpose of the contract (a copy of which is exhibited) ; that on given dates " said Cornell-Young Company entered upon the lands of petitioner and took therefrom" specified quantities of building sand, and cut therefrom certain trees, of stated value, and used the same in the construction of the bridge; and, by amendment designated " paragraph 10-A," it is alleged:  " Said sand and trees hereinbefore mentioned in this petition were furnished and accepted under an implied contract to pay to plaintiff the market value thereof, and were so accepted by said Cornell-Young Company under the direction of their agent, A. J. Bowers, and the said sand and trees were so furnished and accepted for the purpose of the completion of the contract of said Cornell-Young Company with said county of Thomas and its authorities in accordance with its terms, and were so used."

After a general demurrer and various special grounds of demurrer to the petition had been overruled, the court allowed a renewal of the demurrer to the petition as amended, and the following grounds were added: " 9. Said paragraph 10-A fails to show that A. J. Bowers was an agent of the company, duly authorized to bind the Cornell-Young Company for labor or materials furnished. 10. Said amendment fails to show what officer of the Cornell-Young Company accepted the said sand and trees or that the corporation had knowledge that the said A. J. Bowers had taken them from the land of [plaintiff] and consented to it."

Cited by counsel, as to agency, etc.: 135 *Ga.* 58 (2) ; 26 *Ga.*

*App.* 744 (3); 16 *Ga. App.* 834; 27 *Ga. App.* 578; Civil Code
(1910), §§ 3569, 3591; 113 *Ga.* 289 (2), 296; 3 *Ga. App.* 49; 13
*Ga.* 53.

*J. M. Austin, H. H. Merry,* for plaintiff.

*Titus & Dekle,* for defendant.

BLOODWORTH, J.   The court did not err in sustaining grounds
9 and 10 of the demurrer to the petition, and dismissing the
petition.

 *Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*